UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEITH MUNDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00107-JPH-MJD |
| ) | |
| RICHARD BROWN, et al. ) | |
| ) | |
| Defendants. ) | |

**Entry Screening Amended Complaint and Directing Further Proceedings**

Plaintiff Keith Munden is an inmate at Wabash Valley Correctional Facility ("WVCF"). Because Mr. Munden is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**II. The Complaint**

The complaint concerns Mr. Munden's solitary confinement at WVCF from 2016–2018. He brings claims for damages against fourteen current and former Indiana Department of

Correction ("IDOC") employees who worked either at WVCF or at the IDOC Central Office during that time. The complaint also asserts claims against fifteen "John Doe" defendants employed as case workers, case managers, or unit managers at WVCF during the relevant period.

The complaint alleges that Mr. Munden was held in solitary confinement at WVCF from January 2016 through March 2018. During this time, Mr. Munden's placement in solitary confinement was not meaningfully reviewed. Mr. Munden's requests for full reviews of his placement were denied. When periodic reviews occurred, they did not involve any consideration of Mr. Munden's behavior, the amount of time he had been in solitary confinement, or any other information relevant to the need for continued solitary confinement. Rather, the defendants predetermined that Mr. Munden would remain in solitary confinement and simply completed paperwork—often using computer generated forms—to keep him there.

Mr. Munden further alleges that each of the defendants was directly responsible for his prolonged solitary confinement because he or she either denied Mr. Munden meaningful reviews, completed *pro forma* reviews without undertaking the necessary considerations, trained subordinates to perform *pro forma* reviews, or failed to properly train or supervise subordinates or otherwise ensure that meaningful reviews took place.

Mr. Munden alleges that the conditions in solitary confinement were inhumane. He suffers ongoing physical, mental, and emotional injuries as a result of his prolonged solitary confinement.

### III. Discussion of Claims

Mr. Munden asserts First, Fourth, Eighth, and Fourteenth and/or Fifth Amendment claims against each of the defendants pursuant to 42 U.S.C. § 1983, as well as tort claims pursuant to Indiana law. The claims identified in Part V of the complaint[1] **shall proceed as submitted** against

---

[1] *See* dkt. 17 at 40–41.

Defendants Richard Brown, Kevin Gilmore, Michael Osburn, Frank Littlejohn, Jerry Snyder, Randall Purcell, Brian Mifflin, Bruce Lemmon, Robert Carter, Jack Hendrix, Randy Vanvleet, Travis Davis, Andrea Stroup, Matt Leohr, and Michael Shamalov.

Claims against all John Doe defendants are **dismissed** for **failure to state** a claim upon which relief can be granted. "[I]t is pointless to include [an] anonymous defendant [] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

### IV. Conclusion and Further Proceedings

The action **shall proceed** with the claims discussed in Part III above. The **clerk is directed** to update the docket to reflect that all John Doe defendants have been **terminated**.

The remaining defendants have appeared in this case and shall have 28 days from the date this Entry is issued to answer or otherwise respond to the Amended Complaint.

**SO ORDERED.**

Date: 1/19/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Jeffrey R. Cardella
LAW OFFICE OF JEFF CARDELLA LLC
jeffcardella@cardellalawoffice.com

Kyle Christie
CHRISTIE FARRELL LEE & BELL, P.C.
kyle@cflblaw.com

Thomas Joseph Flynn
INDIANA ATTORNEY GENERAL
tom.flynn@atg.in.gov

Brandon Alan Skates
INDIANA ATTORNEY GENERAL
brandon.skates@atg.in.gov

4