UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEITH MUNDEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD BROWN, et al. )<br>)<br>Defendants. ) | No. 2:20-cv-00107-JPH-MG |

**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Plaintiff Keith Munden, by counsel, initiated this action alleging multiple constitutional violations arising from his long-term placement in administrative segregation at Wabash Valley Correctional Facility. Defendants have moved for partial summary judgment on all claims other than Mr. Munden's due process claims due to his failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Dkt. 26. Mr. Munden concedes in his response brief that he did not fully exhaust his administrative remedies for these claims, and he opposes the Defendants' motion only with respect to his deliberate indifference claim against Dr. Michael Shamalov. For the reasons below, the Defendants' motion, dkt. [26], is **GRANTED**.

## I.
## LEGAL STANDARD

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing

1

that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

## II.
## BACKGROUND

The material facts here are not in dispute. The Indiana Department of Correction ("IDOC") has a multi-step grievance process available to inmates as Wabash Valley Correctional Facility. Dkt. 27 at 8. Inmates may use the grievance process to raise issues about the conditions of their confinement, including the availability of medical or mental health treatment. *Id*. At all relevant times, the grievance process was available to Mr. Munden, but he did not file any grievances related to any alleged lack of medical treatment. *Id*.

Throughout his confinement, Mr. Munden was unaware that Dr. Shamalov, a healthcare provider at Wabash Valley, had made a series of entries in his medical chart that were identical or substantially similar to the following entry:

> Met with offender at his cell door for routine 30-day psychological evaluation/mental status monitoring due to ongoing placement in WVS – SCU. Offender was informed that he could have meeting in more private setting at holding cell or visiting booth of SCU on this day or in the future. Offender reported he was doing alright at this time and declined to meet in private. He did not report any current mental health concerns.

> There are no observed signs or reports of current or recent functional impairment related to a mental illness. Cell neatness and hygiene were within the normal range. Custody officers voiced no specific recent problems with the management of this offender. He appears to be managing in the restricted housing environment satisfactorily. There are no apparent mental health contraindications for continued

>placement in SCU environment and no apparent need for mental health treatment at this time.

Dkt. 33 at 3 (quoting dkt. 17, ¶ 248). Mr. Munden only learned Dr. Shamalov's identity after initiating this lawsuit, conducting discovery, and reviewing his medical records. *Id*.

## III.
## DISCUSSION

The defendants seek summary judgment arguing that Mr. Thompson failed to exhaust his available administrative remedies as required by the PLRA. The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Thompson*, 362 F.3d 395, 397 (7th Cir. 2004). It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

Here, the undisputed evidence shows that the grievance process was available to Mr. Munden and that he failed to pursue a grievance related to any serious medical need that would support a claim of deliberate indifference against Dr. Shamalov. This failure is fatal to his claim. 42 U.S.C. § 1997e(a); *Thomas*, 787 F.3d 847.

To the extent that Mr. Munden argues that he should be excused from the exhaustion requirement of the PLRA because he did not know Dr. Shamalov's identity prior to filing suit and did not know that Dr. Shamalov had made entries in his medical chart claiming to have observed and assessed Mr. Munden's psychological health, such arguments are irrelevant to the Court's inquiry. The PLRA does not require that Mr. Munden identify Dr. Shamalov by name. *See Jones v. Bock*, 549 U.S. 199, 218-19 (2007) (finding that the PLRA does not require that a plaintiff's grievance identify a defendant by name). Rather, the PLRA only requires that Mr. Munden exhaust the grievance process with respect to the "wrong" he claims to have experienced, *Porter*, 534 U.S. at 532, namely a lack of treatment for an alleged serious medical need. The undisputed evidence shows that he failed to do so.

Based on the foregoing, the Court finds that Mr. Munden has failed to exhaust his available administrative remedies with respect to all but his due process claims against the Defendants. Accordingly, all other claims are dismissed without prejudice. *Ford*, 362 F.3d at 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice.").

## IV.
## CONCLUSION

For the reasons explained above, the defendants' motion for partial summary judgment, dkt. [26], is **GRANTED**. This action shall proceed with Mr. Munden's due process claims against the Defendants. All other claims are **DISMISSED WITHOUT PREJUDICE**. No partial judgment shall issue.

**SO ORDERED.**

Date: 12/10/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel